# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

RACHEL MATTHEWS, an individual; )
et al., )
)
        Plaintiffs, )
)
vs. )    Case No. 15-CV-0676-TCK-FHM
)
THE STATE OF OKLAHOMA, ex rel. )
THE OKLAHOMA DEPARTMENT )
OF HUMAN SERVICES, an agency )
of the State of Oklahoma; et al., )
)
        Defendants. )

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANTS
KILA BERGDORF, RONALD MOON, VINNIE HARMON, BECKY DEWEY,
CAROL SCHRADD-DAHN, KAREN QUINN, KAREN FEATHER,
ANN MARIE SHRUM, MATTHEW BUDDER, BETH PANNELL, MARY NOFIRE,
KRISTIN TANNER, JOAN HUGHES, JUANITA GIWA, NIECIE LEWIS,
<u>KATHLEEN KEANEY, AND LADONNN SIMS</u>**

Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorneys for Defendants Kila Bergdorf, Ronald Moon, Vinnie Harmon,
Becky Dewey, Carol Schraad-Dahn, Karen Quinn, Karen Feather,
Ann Marie Shrum, Matthew Budder, Beth Pannell, Mary Nofire,
Kristin Tanner, Joan Hughes, Juanita Giwa, Niecie Lewis,
Kathleen Keaney, and Ladonna Sims.*

**January 11, 2016**

# TABLE OF CONTENTS

                                                **Page**

**MOTION TO DISMISS** .................................................................................... 1

**BRIEF IN SUPPORT OF MOTION TO DISMISS** ............................................. 2

**I. STATEMENT OF FACTS** ............................................................................. 2

**II. ARGUMENT AND AUTHORITIES** ................................................................ 5

      A.    Standard for motion to dismiss for failure to state a claim. ... 5

      B.    Summary of Argument. ................................................................ 7

      C.    The Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6). ................................................................................ 7

            *1.*    *The Complaint fails to state a claim upon which any relief can be granted against the Movants under 42 U.S.C. §1983.* ......................................................................... 7

            *2.*    *The Movants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged in this case.* ......................................... 8

            *3.*    *The Plaintiffs cannot recover against the Movants on their negligence cause of action as a matter of law.* ...... 12

**III. CONCLUSION** ............................................................................................ 14

**CERTIFICATE OF SERVICE** ............................................................................ 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RACHEL MATTHEWS, an individual; )
et al., )
 )
      Plaintiffs, )
 )
vs. ) Case No. 15-CV-0676-TCK-FHM
 )
THE STATE OF OKLAHOMA, ex rel. )
THE OKLAHOMA DEPARTMENT )
OF HUMAN SERVICES, an agency )
of the State of Oklahoma; et al., )
 )
      Defendants. )

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANTS
KILA BERGDORF, RONALD MOON, VINNIE HARMON, BECKY DEWEY,
CAROL SCHRADD-DAHN, KAREN QUINN, KAREN FEATHER,
ANN MARIE SHRUM, MATTHEW BUDDER, BETH PANNELL, MARY NOFIRE,
KRISTIN TANNER, JOAN HUGHES, JUANITA GIWA, NIECIE LEWIS,
<u>KATHLEEN KEANEY, AND LADONNN SIMS</u>**

**<u>MOTION TO DISMISS</u>**

Defendants Kila Bergdorf, Ronald Moon, Vinnie Harmon, Becky Dewey (Mary Rebecca Dewey formerly "Becky Tanner" and "Mary Kingfisher" and also incorrectly named as "Becky Ringther"), Carol Schraad-Dahn, Karen Quinn, Karen Feather, Ann Marie Shrum (formerly Saylor), Matthew Budder, Beth Pannell, Mary Nofire, Kristin Tanner, Joan Hughes (formerly Hinkle-Flees), Juanita Giwa, Niecie Lewis, Kathleen Keaney, and Ladonna Sims (hereinafter referred to collectively as "Movants"), respectfully move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

(1) The Plaintiffs' Complaint (Doc. #2) fails to state a claim upon which any relief can be granted against these Defendants under 42 U.S.C. §1983 (or otherwise) on the

Plaintiffs' first cause of action as a matter of law;

(2)  These Defendants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged against them in this case; and,

(3)  These Defendants are immune from individual tort liability to the Plaintiffs under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq., for the negligence cause of action asserted in the Plaintiffs' third cause of action.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.  STATEMENT OF FACTS

This case is a civil rights and tort action brought by Plaintiffs Rachel Matthews and Christy Wright to recover damages arising from injuries that Plaintiff Rachel Matthews and the eight plaintiff minor children received as a result of abuse or neglect incidents while the children were in the custody or under the foster care of Jerry and Deidre Matthews.  The Plaintiffs allege these incidents were not properly investigated by the Oklahoma Department of Human Services ("DHS") and ultimately resulted in the filing of criminal charges of abuse and neglect against Jerry and Deidre Matthews in the Delaware County District Court.

DHS is an agency of the State of Oklahoma created by Article 25 of the Oklahoma Constitution and is charged under Oklahoma law with various responsibilities in the administration of the Oklahoma Children's Code, as amended, 10A O.S. §1-1-101, et seq., including the duties to investigate reports of suspected child abuse and neglect and to place children in foster care under certain circumstances. The Plaintiffs allege in their Complaint that the events giving rise to this case occurred between January of 2004 and March of 2014 when "there were at least seventeen (17) reported

incidents to DHS involving mental and physical child abuse, child neglect, dangerous living conditions, lack of supervision, beating of children, failure to protect the children, failure to provide adequate medical care, failure to educate the minor children, unsanitary living conditions, and drug abuse." Doc. #2 at ¶30; see also "Referral History and Time Line" (Doc. #2 at ¶¶34-66).

Jerry and Deidre Matthews are named as party defendants in this action along with DHS and eighteen current or former DHS employees (including the seventeen Movants) as well as "John Doe" and "Jane Doe" whom the Plaintiffs allege "are/or were employees of DHS in the Delaware County, Oklahoma, office whose identities are not known at this time." Doc. #2 at ¶26. To date, neither Jerry nor Deidre Matthews has appeared in this case, either in person or through counsel. Likewise, Wilkie Sanders (one of the former DHS employees named as a defendant in the Complaint) has not appeared herein and apparently Mr. Sanders has not yet been served with summons in this lawsuit. See Doc. #2 at ¶5.[1]

The Plaintiffs' Complaint asserts a total of three causes of action against the Defendants. In their first cause of action (entitled "Civil Rights Claim under 42 U.S.C. §1983"), the Plaintiffs seek recovery against DHS and its defendant employees under 42 U.S.C. §1983. Doc. #2 at ¶¶67-97. The Plaintiffs' allege in this regard that they have "a clearly established constitutional right protected by the Fourteenth Amendment

---

[1] DHS is incorrectly named as a party defendant in the caption of the Plaintiffs' Complaint (Doc. #2) as "The State of Oklahoma, ex rel. the Oklahoma Department of Human Services." See Bishop v. U.S., ex rel. Holder, Case No. 04-CV-848-TCK-TLW (N.D. Okla.)("Opinion and Order" (Doc. #148) filed Nov. 24, 2009, at 7 (in which this Court noted that "[u]nder Tenth Circuit and Oklahoma law, the *'ex rel.'* designation has no significance when used in relation to a defendant, and parties on both sides of the *'ex rel.'* designation are treated as named defendants.). In addition, several of the individual defendant DHS employees are named as party defendants in the Complaint by their former names or are otherwise misnamed. Appropriate "Notices of Name Corrections" have been filed in this case and the Court has recently corrected the parties' names by minute orders. See Docs. #13-22.

3

to the United States Constitution" which was violated by the Defendants "where each Defendant failed to follow DHS policies and procedures, left the Plaintiffs in the care and custody of the Matthews and failed to take any action to protect the Plaintiffs from harm" as alleged in the Complaint. Id., at ¶70. The Plaintiffs further allege in their Complaint:

> Plaintiffs suffered actual physical injury and mental pain and suffering as a direct result of the Matthews' abuse and neglect of Plaintiffs and DHS and its employees failing to follow DHS policies and procedures, failing to properly supervise the Matthews as parents, failing to properly investigate referrals of neglect and abuse of Plaintiffs, and failing to protect Plaintiffs from the Matthews' neglect and abuse of Plaintiffs.

Id., at ¶95.

The Plaintiffs' second cause of action (entitled "Battery/Excessive Force") seeks damages against Jerry and Deidre Matthews for "battery" *and* against DHS for "excessive force" on the basis of respondeat superior for the Matthews' actions for which the Plaintiffs allege DHS is liable under §2 and §7 of Article 2 of the Oklahoma Constitution based on Bosh v. Cherokee County Govnernmental Building Authority, 2013 OK 9, 305 P.2d 994. Id., at ¶¶98-106. Finally, the Plaintiffs' third cause of action ("Governmental Tort Claims Act") seeks recovery under the Oklahoma Governmental Tort Claims Act, 51 O.S. §151, et seq., for the Plaintiffs' injuries and damages alleged to have resulted from DHS's breach of its duty "to exercise reasonable care and prudence in its investigations of referrals set for the above and the home assessments of the Matthews' home." Id., at ¶¶107-117.

As relief, the Plaintiffs request a judgment for actual and punitive damages against all of the Defendants plus an award of attorney's fees and costs. Doc. #2 at ¶¶96-97; ¶106, ¶117, and page 24 ("Prayer for Relief"). However, as explained below, the Movants submit the Plaintiffs' action should be dismissed pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure because (1) the first cause of action of the Complaint fails to state a claim upon which any relief can be granted against them under 42 U.S.C. §1983 or otherwise as a matter of law; (2) these Defendants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged against them in this case; and (3) these Defendants are immune from individual tort liability to the Plaintiffs as a matter of law under the Oklahoma Governmental Tort Claims Act for the negligence cause of action asserted in the third cause of action of the Complaint.[2]

## II.  ARGUMENT AND AUTHORITIES

### A.  Standard for motion to dismiss for failure to state a claim.

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the United States Court of Appeals for the Tenth Circuit in <u>Robbins v. State of Oklahoma, ex rel. Dept. of Human Services</u>, 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [<u>Bell Atlantic Corp. v. Twombly</u>,] --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Under this revised standard, as we explained in <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>:
>
>> the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  <u>Twombly</u>, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief

---

[2] The Plaintiffs' claims against DHS in this case are the subject of a separate Motion to Dismiss filed by DHS which is also pending before this Court.

above the speculative level." Id. 519 F.3d at 1247 (emphasis in original).

The Tenth Circuit further noted in Robbins that in a §1983 action in which the defense of qualified immunity from individual liability has been raised by the defendants, [t]he Twombly standard has greater 'bite'" in evaluating dismissals in qualified immunity cases "reflecting the special interest in resolving affirmative defense of qualified immunity 'at the earliest stage of a litigation.'" Id., 519 F.3d at 1249. When a qualified immunity defense tests individual capacity claims in a §1983 action by way of a motion to dismiss, the trial court is under an obligation to exercise its discretion in a way that protects the substance of the qualified immunity defense. Id. The trial court should insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. Id. In the context of §1983 claims alleged against defendants asserting qualified immunity, "plausibility" refers to the scope of the allegations in the complaint; if they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss for qualified immunity. Id., at 1247-48.

When this standard is applied in the instant case, it is clear the Plaintiffs' Complaint now before the Court fails to state a claim against the Movants and is therefore subject to dismissal under Rule 12(b)(6) as explained below.

### B.  Summary of Argument

The Complaint in this case should be dismissed as to the Movants pursuant to Rule 12(b)(6) because it fails to state a claim upon which any relief can be granted against them under 42 U.S.C. §1983.  Furthermore, these Defendants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged against them in in this case.  Lastly, the Plaintiffs cannot recover against the Movants as a matter of law on the negligence cause of action asserted in the Complaint.  Each of these contentions will be addressed seriatim.

### C.  The Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6).

#### *1. The Complaint fails to state a claim upon which any relief can be granted against the Movants under 42 U.S.C. §1983.*

The first cause of action of the Complaint in this case asserts a cause of action against the Movants under 42 U.S.C. §1983 for their alleged violations of the Plaintiffs' Fourteenth Amendment due process rights.  Doc. #2, at ¶¶67-97.  However, these Defendants submit the Petition fails to adequately state a claim upon which any relief can be granted against them under §1983.

In order to state a claim for relief in an action brought under §1983, a plaintiff must establish that the defendant's conduct deprived the plaintiff of a federal constitutional or statutory right and that the defendant's conduct complained of was committed under color of state law.  American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  However, the plausible factual allegations of the Plaintiffs' Complaint currently before this Court in the instant case are insufficient to state an actionable §1983 claim against the defendant DHS employees because the allegations against them are so broad and general that they encompass a wide swath of

innocent conduct, and such allegations are nothing more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" under §1983 prohibited by the pleading requirements of Robbins, supra. Furthermore, the United States Court of Appeals for the Tenth Circuit has noted:

> "The existence of the §1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted. A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect.'"

Smith v. Plati, 258 F.3d 1157, 1176 (10th Cir. 2001), cert. denied, 537 U.S. 823 (2002)(citations omitted). Consequently, the Tenth Circuit has held that §1983 was not intended to replace state tort law actions. See Webber v. Mefford, 43 F.3d 1340, 1343 (10th Cir. 1994); see also Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (holding that "mere lack of due care by a state official may [not] 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."). Therefore, the Movants submit that the allegations against them in the Plaintiffs' Complaint are plainly insufficient under the pleading requirements of Robbins to establish *any* violations of the Plaintiffs' constitutional rights by the Movants that would entitle the Plaintiffs to relief under §1983.

### 2. The Movants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged in this case.

When the allegations of a Complaint fail to meet the minimal pleading requirements of notice and plausibility, further analysis of qualified immunity and plausibility is not needed and a court may simply grant qualified immunity to the moving defendants and stop there. VanZandt v. Okla. Dept. of Human Services, 2008 WL 1945344 *5 (10th Cir. 2008). However, assuming *arguendo* solely for purposes of this Motion that the Complaint in this case *can* be construed to properly allege a viable

§1983 claim against the Movants in the Plaintiffs' first cause of action, then these Defendants are nonetheless entitled to qualified immunity from personal liability in their individual capacities for any such claim asserted by the Plaintiffs.

In <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), the United States Supreme Court held that the doctrine of qualified immunity is designed to protect government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. The objective test adopted in <u>Harlow</u> to determine whether qualified immunity applies was intended to shield public officials from undue interference in the performance of their duties and to permit the defeat of insubstantial claims without the cost and disruption attendant to trial. <u>Powell v. Mikulecky</u>, 891 F.2d 1454, 1556 (10th Cir. 1989); <u>see</u> <u>Robbins v. State of Oklahoma, ex rel. Dept. of Human Services</u>, <u>supra</u>, 519 F.3d at 1248 (10th Cir. 2008) (Qualified immunity exists "to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" (quoting <u>Anderson v. Creighton</u>, 483 U.S. 635, 646, n. 6 (1987)). As a result, qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Thomas v. Roberts</u>, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting <u>Harlow v. Fitzgerald</u>, <u>supra</u>, 457 U.S. at 818; <u>see</u> <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986) (Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law.").

In order to determine whether a defendant is entitled to qualified immunity, a court must decide (1) whether the facts alleged or shown by the plaintiff make out a

violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct. See Saucier v. Katz, 533 U.S. 194, 201-203 (2001); see generally Pearson v. Callahan, 555 U.S. 223 (2009). When a defendant raises the qualified immunity defense, "the plaintiff bears a heavy burden." Hannula v. City of Lakewood, 907 F.2d 129, 130 (10th Cir. 1991). It is the plaintiff's burden to convince the court that the law at the time of defendant's actions was clearly established. Hilliard v. City and County of Denver, 930 F.2d 1516, 1518 (10th Cir. 1991); Pueblo Neighborhood Health Centers, Inc., v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988).; Lutz v. Weld County School Dist. No. 6, 784 F.2d 340, 342-43 (10th Cir. 1986). If there is no constitutional or statutory violation, the court need not inquire if the law was clearly established. See Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995).

The United States Supreme Court's decision in Harlow v. Fitzgerald raises a presumption in favor of immunity for public officials acting in their individual capacities. Hidahl v. Gilpin County Dept. of Social Services, 938 F.2d 1150, 1155 (10th Cir. 1991); Schalk v. Gallemore, 906 F.2d 491, 499 (10th Cir. 1990). The courts have held in this regard that there is a "strong presumption" that qualified immunity will apply and that state actors have properly discharged their official duties and to overcome that presumption the plaintiff must present specific allegations and clear evidence to the contrary. See Gardenhire v. Schubert, 205 F.3d 303, 313 (6th Cir. 2000); see also Hidahl v. Gilpin County Dept. of Social Services, supra, 938 F.2d at 1155. The United States Supreme Court has explained that immunity may be denied only "if, on an objective basis, it is *obvious* that *no reasonably competent officer* would have

10

concluded" that the conduct was lawful at the time the defendant acted.  Malley v. Briggs, supra, 475 U.S. at 341 (emphasis added).

In Moore v. Guthrie, 438 F.3d 1036 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit considered the procedure to be followed by the courts in considering a qualified immunity claim in a §1983 action alleging a substantive due process violation and stated:

> Again, our first step, when faced with a claim of qualified immunity against § 1983 substantive due process claims, is to determine whether a plaintiff "has asserted a violation of a constitutional right at all." . . . The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." . . . It is well settled that negligence is not sufficient to shock the conscience. . . . In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.'"

438 F.3d at 1040 (citations omitted); see generally Robbins, supra.

In the instant case, even if the Plaintiffs' well-pled allegations against the defendant DHS employees are taken as true, they simply do not rise to the level of a constitutional violation.  The alleged acts of all of these Defendants clearly are not "conscience shocking" and thus do not amount to an actionable substantive due process violation.  At most, the alleged actions of these Defendants (if true) were simply mistaken judgments by them.  However, the qualified immunity standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. at 341).  Moreover, even if the defendant DHS employees violated *Oklahoma* law in some manner in connection with the events giving rise this case, they are nevertheless still entitled to qualified immunity from liability for

11

any resulting procedural due process claim.  See Davis v. Scherer, 468 U.S. 183, 194, n.12 (1984) ("Neither federal nor state officials lose their immunity by violating the clear command of a statute or regulation - of federal or of state law - unless that statute or regulation provides the basis for the cause of action sued upon.").

When the foregoing standard is applied to the instant case, it is clear the defendant DHS employees are entitled to qualified immunity from personal liability in their individual capacities for the Plaintiffs' §1983 claim alleged against them in the first cause of action of the Complaint and that the Plaintiffs cannot meet their burden required to overcome the qualified immunity defense of the Movants.  Thus, this action must be dismissed insofar as the Plaintiffs seek relief against the Movants under §1983.

### *3. The Plaintiffs cannot recover against the Movants on their negligence cause of action as a matter of law.*

The third cause of action of the Plaintiffs'; Complaint seeks damages under the Oklahoma Governmental Tort Claims Act for the Plaintiffs' injuries and damages alleged to have resulted from DHS's breach of its duty "to exercise reasonable care and prudence in its investigations of referrals set for the above and the home assessments of the Matthews' home." Id., at ¶¶107-117.  The Plaintiff allege in this connection that the Movants' "failure to properly investigate the referrals, properly supervise the Matthews, 'tipping' the Matthews' off about investigations and willful refusal to remove Plaintiffs from the abusive and neglectful home was the actual and proximate cause of the Plaintiffs' damages." Id., at ¶116.  However, the Plaintiffs cannot recover against the Movants on their negligence cause of action as a matter of law.

All tort actions and claims against the State of Oklahoma and its agencies (including DHS), and employees (like the Movants) arising after October 1, 1985, are

governed by the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §151, et seq. See 51 O.S. §171. By enacting the GTCA, the Oklahoma Legislature adopted and expanded the common law doctrine of sovereign immunity to include all torts of State employees regardless of whether the employees are engaged in "governmental or proprietary functions" as long as the employees were within the scope of their employment with the State. See 51 O.S. §152.1(A) and §153(A). However, 51 O.S. §152.1(B) effectuated an express partial waiver of the State's sovereign immunity *"only to the extent and in the manner provided"* in the GTCA. (Emphasis added). Thus, the liability of the State and its agencies and employees under the GTCA is "*subject to the limitations and exceptions specified in this act*" and "*shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statute, the Oklahoma Constitution, or otherwise*." 51 O.S. §153(A) and §153(B)(emphasis added). As a result, Oklahoma appellate courts have long held the GTCA to be the exclusive remedy available against a governmental entity in Oklahoma and therefore the only recovery available in tort against such an entity must be found within the boundaries defined by the GTCA. E.g., Curtis v. Board of Education of Sayre Public Schools, 1995 OK 119, 914 P.2d 656; Turner v. Board of County Comm'rs of Grady County, 1993 OK CIV APP 125, 858 P.2d 1288; see generally GJA v. Okla. Dept. of Human Services, 2015 OK CIV APP 32, ¶11, 347 P.3d 310.

In this regard, the GTCA provides that an action brought under the GTCA "shall name as defendant the state or the political subdivision against which liability is sought to be established" and *"[i]n no instance shall an employee of the state or political*

*subdivision acting within the scope of his employment be named as defendant* . . . ." 51 O.S. §163(C)(emphasis added). Turning to the instant case, the third cause of action of the Plaintiffs' Complaint asserts a negligence cause of action under the GTCA based on the alleged negligent acts and omissions of the Movants as employees of DHS. Nowhere in the Complaint do the Plaintiffs allege that any of the Movants were acting outside the scope of their respective employment with DHS. As a result, the Plaintiffs cannot recover against the Movants as a matter of law on the negligence cause of action alleged in the third cause of action of the Complaint.

### III. CONCLUSION

In summary, the Plaintiffs' Complaint in this case fails to state a claim upon which any relief can be granted against the Movants under 42 U.S.C. §1983 or otherwise. The Plaintiffs have not sufficiently alleged an actionable §1983 cause of action against these Defendants and in any event, these Defendants are entitled to qualified immunity from personal liability in their individual capacities for any §1983 claim alleged against them in the Complaint. Furthermore, the Plaintiffs cannot recover against the Movants as a matter of law on the negligence cause of action asserted in the Complaint. Under these circumstances, the Complaint fails to state a claim upon which any relief can be granted against the Movants and therefore this action should be dismissed as to them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorneys for Defendants Kila Bergdorf, Ronald Moon, Vinnie Harmon, Becky Dewey, Carol Schraad (Schraad-Dahn), Karen Quinn, Karen Feather, Ann Marie Saylor (Shrum), Matthew Budder, Beth Pannell, Mary Nofire, Kristin Tanner, Joan Hughes (formerly Hinkle-Flees), Juanita Giwa, Niecie Lewis, Kathleen Keaney, and Ladonna Sims.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Rachel Matthews, et al.,

    Plaintiff(s)

vs.

Case No. 15-CV-0676-TCK-FHM

State of Ok., ex rel. Ok. Dept. of Human Serv, et al

    Defendant(s)

**Certificate of Service**

I hereby certify that on January 11, 2016 (Date), I electronically transmitted (name of document): Defendants' Motion to Dismiss & Brief in Support to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

| | |
|---|---|
| Conner L. Helms, Gary R. Underwood, | Darren R. Cook, Darren R. Cook, P.C. |
| Erin M. Moore, Helms & Underwood | (Attorney for Plaintiffs) |
| (Attorneys for Plaintiffs) | |

I hereby certify that on _____ (Date), I served the same document by:

☐ U.S. Postal Service  ☐ Courier Service  ☐ In Person Delivery  ☐ E-Mail

on the following, who are not registered participants of the ECF system:

Name(s) and Address(es):

Date: January 11, 2016

Signature: s/ RICHARD W. FREEMAN, JR.
Print Name: Richard W. Freeman, Jr., Assistant General Counsel
Oklahoma State Bar Number (If Applicable): 3130
E-Mail Address: Richard.Freeman@okdhs.org
Firm Name: Dept. of Human Services
Mailing Address: P.O. Box 25352
City: Oklahoma City  State: OK  ZIP Code: 73125-0352
Phone No.: (405) 521-3638  Fax No.: 521-6816

CV-10 Certificate of Service (08/12)